IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                      Plaintiff,                      OPINION and ORDER

      v.                                              14-cv-05-bbc

WILLIAM POLLARD, PAUL SUMNICHT,
AMY SCHRAUFNGED, S. JACKSON,
ANGLIA KROLL, DAVID BURNETT,
SCOTT HOFTIEZER, JIM GREER,
MARY MUSE, BELINDA SCHRUBBE
and OFFICIAL JONES,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, a prisoner incarcerated at the Waupun Correctional Institution, has a long history of unsuccessful litigation in this court. In an August 28, 2013 order in plaintiff's most recent case, I imposed the following sanction:

> As a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words "imminent danger" rather than conditions truly passing muster under § 1915(g), the court will bar plaintiff from proceeding in forma pauperis on future "imminent danger" claims relating to his perceived back and abdomen ailments unless plaintiff's complaint is accompanied by records showing that plaintiff has been diagnosed with new ailments and is failing to receive treatment for them. Future "imminent danger" lawsuits filed by plaintiff regarding back and abdomen problems that do not include such documentation will be deemed automatically dismissed after 30 days unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir.1997).

Almond v. Pollard, case no. 12-cv-259-bbc (W.D. Wis. Aug. 28, 2013).

1

Plaintiff has moved on from his complaints regarding his back or abdomen. He has filed a new case in which he states that he has had a bleeding hemorrhoid for more than ten months, that a doctor has diagnosed the hemorrhoid but has not given plaintiff any medical treatment for this problem. Also, he alleges that he has been given a top-bunk assignment despite the additional pain caused by his hemorrhoid when he climbs to the top bunk. After considering plaintiff's allegations, I will direct plaintiff to submit an amended complaint more fully describing the seriousness of his medical condition.

I draw the following facts from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Dwayne Almond is a prisoner incarcerated at the Waupun Correctional Institution. On February 7, 2012, he was seen by defendant Dr. Paul Sumnicht., who diagnosed a small hemorrhoid that was "actively bleeding." As of December 26, 2013, however, Sumnicht had provided no treatment for this ailment, including pain medication. Plaintiff has complained to defendants Amy Schraufnged and S. Jackson (nurses at the prison), William Pollard (the warden), Belinda Schrubbe (the health services unit manager), David Burnett (Bureau of Health Services medical director), Scott Hoftiezer (the Bureau of Health Services "A.M.D"), Mary Muse (Bureau of Health Services director of nursing) and Jim Greer (Bureau of Health Services director), but none of them have done anything to help plaintiff. Plaintiff filed grievances about the lack of treatment, but defendant complaint examiners Anglia Kroll and Charles Cole failed to take action to help him.

Defendant Official Jones knew that plaintiff was suffering from a painful hemorrhoid, yet still assigned plaintiff to an upper bunk despite the extra pain it would cause plaintiff when he had to climb into bed. Plaintiff told Jones about the problem but Jones did not change his assignment.

OPINION

This case is about the treatment (or lack thereof) that plaintiff has received for a small hemorrhoid that is bleeding. The problem with plaintiff's complaint is that he does not provide any detail about the seriousness of his medical needs. There are two related standards that plaintiff must meet before I can allow him to proceed with his claims. First, because plaintiff has not submitted payment of the $350 filing fee for this case, I construe his complaint as including a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, I have noted in previous cases, plaintiff has struck out under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. Almond v. State of Wisconsin, 06-C-447-C, decided August 23, 2006; Almond v. State of

Wisconsin, 06-C-448-C, decided August 23, 2006; and Almond v. State of Wisconsin, 06-C-449-C, decided August 24, 2006. Therefore, he cannot proceed in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).

The second standard concerns the substantive elements of Eighth Amendment medical care claims. A prison official may violate this right if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir.1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).

At this point, plaintiff's allegations about his hemorrhoid are not sufficient to make clear whether his medical condition is serious enough to pass muster under either of the

standards discussed above.  Courts have determined that hemorrhoids may become serious enough to meet these standards, see, e.g., Jones v. Natesha, 151 F. Supp. 2d 938, 944 (N.D. Ill. 2001) (hemorrhoid condition was serious where doctors had to perform three surgeries within two years), but plaintiff's allegation that he has one small bleeding hemorrhoid does not seem to be a serious medical problem.  However, because plaintiffs should generally be given a chance to amend their complaints when they may be able to assert a viable claim, I will give plaintiff a chance to submit an amended complaint.  Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010).

      Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- How serious is plaintiff's hemorrhoid?  How much pain is he in?  How often does it bleed and how badly?

- When did he ask for medical treatment, and how did defendants respond?

- To the extent that he has received any treatment, how effective has that treatment been?

The amended complaint must *completely replace* his existing complaint.  Plaintiff should identify clearly the facts that form the basis for his claims against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements.  As I have instructed plaintiff in his previous cases, he does not have to include in his allegations rambling quotations from this or any other court order.  He just needs to explain his medical problems and how defendants have responded.

Finally, I note that if plaintiff qualifies to proceed in forma pauperis, he will still have to make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in § 1915 by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. However, plaintiff has not submitted a trust fund account statement for the six-month period beginning approximately July 3, 2013 and ending January 3, 2014. I will give him a short deadline to do so.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's complaint is DISMISSED. He may have until March 7, 2014 to submit an amended complaint more fully detailing the seriousness of his medical need. If he fails to submit his amended complaint by this deadline, I will dismiss the case.

2. Plaintiff may have until March 7, 2014 to submit his six-month trust fund account statement.

Entered this 14th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge