IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT,

DWAYNE ALMOND, # 238839-A,

    Plaintiff,

V.                                      Case No. 14-CV-05-bbc

WILLIAM POLLARD, DR. PAUL SUMNICHT,
AMY SCHRAUFNGED, ANGLIA KROLL,
S. JACKSON, DAVID BURNETT,
JIM GREER, SCOTT HOFTIEZER,
BELINDA SCHRUBBE, MARY MUSE,
and OFFICIAL JONES,

    Defendants.

---

PLAINTIFF'S MOTION FOR "RECONSIDERATION" DO TO THE DEFENDANTS' MISCONDUCT OF WITHHELDED HIS AMENDED COMPLAINT WITH RESPECT TO HON. MS. BARBARA B. CRABB'S ORDER OF DEADLINE - MARCH 7, 2014, OF MORE FULLY DETAILING THE SERIOUSNESS OF HIS MEDICAL NEED OF DIAGNOSED HEMORRHOID?"; ["SIC"]; "RECONSIDERATION' / APPEAL' TO: "THE U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT?"

---

NOW COMES plaintiff Dwayne Almond # 238839-A ("Hereafter"), Hon. Ms. Barbara B. Crabb's "Opinion and Order" in - Case No. 14-CV-05-bbc, ("Entered this 22 nd day of April, 2014? ("DKT'S ### 9, 10, 11?") ("Dispute"); Because this Recented motions of Amended Complaint, a motion to Supplement the Amended Complaint, and motion for injunctive relief regarding interference with his legal mail.

    -1.-

# UNDISPUTED FACT

1.) Fact's of, Hon. Ms. Barbara B. Crabb's; "Opinion and Order," ("Entered this, 22nd, day of April, 2014."): After, Considering all of his submissions, I conclude that Plaintiff has not adequately address my concern that his allegations do not meet either the imminent danger standard of Section 1915 (9) or the substantive elements of an Eighth Amendment claim. Nothing in Plaintiff's amended complaint or proposed supplement to his complaint suggests that he is suffering from anything other than a small bleeding hemorrhoid. In his supplement, he states that he became sick after eating food containing a "dead mashed fly inside". Beside the fact that Plaintiff almost certainly cannot bring a claim about his food in the current lawsuit because it is totally unrelated to the medical claim concerning his hemorrhoid, Fed. R. Civ. P. 20, this claim would not meet the imminent danger standard or Eighth Amendment standard in its own right.

2. Because Plaintiff Dwayne Almond's, # 238839-A, Lasted recented filed motion of above, dated: April 16, 2014; had nothing to do with his ["sic"]; "Amended Complaint more fully detailing the seriousness of his medical need ("Deadline by March 7, 2014?") Which he had already "Met". ("Undisputed"); "See, Exhibit #13,-1 of 2- pages -Legal-Loan-Postage - Disbursement Request - Receipt ("Business Office") - Signature - dated: 4/1/14; She Stated: ["sic"]; "Proof Required this case is on going to 3/7 Deadline Met?" is in-supported and attached with... ("Under 28 U.S.C. §1746".)

3. Fact's To Establish Liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. 2.

Farmer V. Brennan, 511 U.S. 825, 834 (1994); Chapman V. Keltner, 241 F. 3d 842, 845 (7th Cir. 2001); See also Estelle V. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer V. Kendall County Illinois, 220 F. 3d 805, 810 (7th Cir. 2000).

4. Fact's, Hon. Ms. Barbara B. Crabb's opinion and order in Case No. 14-CV-05-bbc, ("Entered this 22nd day of April, 2014?") is the need to correct a clear error or prevent manifest injustice". Id. (quoting Kern-Tulare Water Dist. V. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986)

5. Under Wolff, States may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of it's own force, nonetheless imposes atypical and significant hardship on the inmate, in relation to the ordinary incidents of prison life. See also Meahum V. Fano, 427 U.S. 215, 49 L. Ed 2d 451, 96 S. Ct. 2532.

6. State prisoners who are subjected to disciplinary punishment that is within the prisoners expected condition of confinement -- and who thus do not have with respect to the punishment, a liberty interest which would entitle the prisoners to procedural protection under the due process clause of the Federal Constitution's Fourteenth Amendment -- retain other protection from arbitrary state action even within the expected conditions of confinement as the prisoners may (1) invoke the Federal Constitution's First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment where appropriate, and (2) draw upon internal prison grievance procedures and state judicial review where available.

- 3 -

"Continue with Defendants' Misconduct of Withheld Plaintiff's out-going-mail?"

Case: 3:14-cv-00005-bbc   Document #: 19   Filed: 05/05/14   Page 4 of 5

7. Despite these Defendants' and staff's of the "Business office" - Ms. CARLA HARTMAN, and N. Kamphuis ("Supervisor") of ("WCI"), has "INTERFERENCE with plaintiff, Dwayne Almond #238839-A, ("OUT-GOING-LEGAL-MAIL"), of ["SIC"], "AMENDED-COMPLAINT-MORE-FULLY-DETAILING THE SERIOUSNESS OF HIS MEDICAL-NEED ("MARCH 7, 2014 - ORDER OF DEADLINE"). ("SEE, Exhibit. #13, 1 of 2 pages, - of - DISBURSEMENT REQUEST of Postage - Receipt. Signature of: Ms. CARLA HARTMAN, of: BUSINESS OFFICE ("WCI"). is attached with, in-Supported". ("UNDER 28 U.S.C. § 1746").

8. Wherefore Plaintiff Dwayne Almond #238839-A, is Respectfully asking "praying" that this Hon. Judges, of U.S. Court of Appeals for the Seventh Circuit, give Relief, Justice of this "Clear ERROR'S or prevent ("Manifest - injustice"), in - Case No. 14-CV-05-bbc. Despite he is suffering serious Chronic distressful pains, burning, numbness, swelling, from his - on-gone, untreated ("DIAGNOSED-HEMORRHOID") by: Dr. Paul Sumnicht, since: February 7, 2012? thats in imminent danger of serious physical injury? ("LIFE-Threatening-Harms")? Also see, E.g., Jones v. Natesha, 151 F. Supp. 2d 938, 944 (N.D. Ill. 2001)(hemorrhoid Condition was serious where doctors had to perform three surgeries within two years). Please Reserves and Remanded this Case No. 14-CV-05-bbc, and appointed Counsel to Represented with Respect that plaintiff is not able? ("UNDISPUTED").

9. I declare under penalty of perjury that the foregoing are True and Correct. Under 28 U.S.C. § 1746. To the best of my Knowledge. This 25th. DAY of, April, 2014.

* PLEASE LOOK BELOW: *

-4.-

-/-

"Continue with Defendant's Misconduct of Withholding Plaintiff's out-going mail?"

"P.S. - Enclosed find also - Exhibit #14, - 1 of 2 pages, of: "ICE - Report - Complaint No.# - WCI-2014-7498; "Dead Mashed Fly inside food". Which was after the fact or "Order of: ["sic"]," Amended Complaint more fully detailing the seriousness of his-medical need. ("Deadline of: March 7, 2014?" - Entered this 14th day of February, 2014?").

## Certification of Service

* I hereby certify that on April 25, 2014, plaintiff has served these samed documents to: J.B. Van Hollen, ("DOJ"), at: 17 W. Main St., - P.O. Box 7857, Madison, WI 53707-7857. - By: U.S. postal service mail. This 25th, day of, April, 2014. ("Under 28 U.S.C. § 1746).

CC:

("Clerk of the U.S. Court of Appeals - for the Seventh Circuit"),

("Hon. Ms. Barbara B. Crabb's U.S. District Court"),

("J.B. Van Hollen, ("DOJ") Department of Justice"),

(" Under 28 U.S.C. § 1746.)

Respectfully Submitted:
by. Mr. Dwayne Almond #238859-1
Mr. Dwayne Almond / Pro Se.
Waupun Correctional Inst.
P.O. Box 351,
Waupun, Wisconsin 53963-351,

5.