IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                     Plaintiff,

     v.

WILLIAM POLLARD, PAUL SUMNICHT,
AMY SCHRAUFNGED, S. JACKSON,
ANGLIA KROLL, DAVID BURNETT,
SCOTT HOFTIEZER, JIM GREER,
MARY MUSE, BELINDA SCHRUBBE
and OFFICIAL JONES,

                     Defendants.

ORDER

14-cv-05-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on April 22, 2014, dismissing this case for plaintiff Dwayne Almond's failure to state a claim upon which relief may be granted. Now plaintiff has filed a motion for reconsideration of the April 22 order along with a notice of appeal. I construe plaintiff's motion for reconsideration as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

Because plaintiff filed his Rule 59 motion along with his notice of appeal, I retain jurisdiction to rule on the Rule 59 motion before addressing the appeal. E.g., Katerinos v. United States Department of Treasury, 368 F.3d 733, 737 (7th Cir. 2004); Young-Gibson v. Board of Education of City of Chicago, 2013 WL 4598815, *2 (N.D. Ill. Aug. 29, 2013) ("A notice filed before the filing of [a Rule 59(e) motion] . . . or after the filing of a motion

1

but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.") (quoting Advisory Committee Notes on 1993 Amendment to Fed. R. App. P. 4).

In his Rule 59 motion, plaintiff tries to raise claims regarding interference with his legal mail, but I concluded in the April 22 order that there was no reason to believe that he was barred from filing anything in this case, and that plaintiff's real problem was that his allegations simply did not show either that he was in imminent danger of serious physical harm or that he had a serious, unmet medical need that suggested he could prevail on an Eighth Amendment claim. Dkt. #13. Nothing in his motion to alter or amend the judgment persuades me that these conclusions were incorrect. Accordingly, I will deny his Rule 59 motion.

Next, regarding plaintiff's notice of appeal, because plaintiff has not paid the $505 fee for filing an appeal, I construe his notice as a request for leave to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff has accumulated the following three strikes: Almond v. State of Wisconsin, 06-C-447-C, decided August 23, 2006; Almond v. State of Wisconsin, 06-C-448-C, decided August 23, 2006; and Almond v. State of Wisconsin, 06-C-449-C, decided August 24, 2006.

Because plaintiff has accumulated three strikes, he cannot file any new lawsuit or an

appeal without prepaying the filing fee so long as he is incarcerated, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). I have already concluded that plaintiff's allegations fail to meet this standard. Dkt. #13. Therefore, plaintiff cannot take advantage of the initial partial payment provision of § 1915. He owes the $505 appellate filing fee in full immediately.

Plaintiff may delay payment of the $505 fee under one circumstance: if he challenges in the court of appeals within 30 days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that plaintiff should be allowed to proceed in forma pauperis, this court will determine how to proceed with calculation and payment of an initial partial payment of the filing fee. If the court of appeals determines that this court was correct in finding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $505 filing fee payment will be due in full immediately. In any event, plaintiff is responsible for insuring that the required appeal fee is remitted to this court at the appropriate time.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's motion for reconsideration, dkt. #16, is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #17, is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g).

3. The clerk of court shall insure that plaintiff's obligation to pay the $505 filing fee for his appeal is reflected in this court's financial records.

Entered this 14th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge
