IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                        Plaintiff,

    v.

WILLIAM POLLARD, PAUL SUMNICHT,
AMY SCHRAUFNGED, S. JACKSON,
ANGLIA KROLL, DAVID BURNETT,
SCOTT HOFTIEZER, JIM GREER,
MARY MUSE, BELINDA SCHRUBBE
and OFFICIAL JONES,

                        Defendants.

ORDER

14-cv-05-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on April 22, 2014, dismissing plaintiff Dwayne Almond's claims regarding lack of treatment for a small bleeding hemorrhoid for failure to state a claim upon which relief may be granted.  Plaintiff followed up with a motion to alter or amend the judgment, which I denied in a May 14, 2014 order, dkt. #22, and an appeal, which the court of appeals dismissed for plaintiff's failure to pay the filing fee, dkt. #24.

      Now plaintiff has filed a motion for relief from the final judgment under Federal Rule of Civil Procedure 60(b), dkt. #25, in which he argues that there is "newly discovered evidence" in support of his Eighth Amendment claims.  However, this new evidence consists of medical records concerning plaintiff's treatment requests dated *after* the judgment in this case, which cannot be used to vacate the judgment that preceded those events.  Peacock v.

1

Board. of School Commissioners of City of Indianapolis, 721 F.2d 210, 214 (7th Cir. 1983). Moreover, even if this evidence properly belonged in a Rule 60 motion, it would not be sufficient to vacate the judgment. The records seem to show that plaintiff has declined rectal exams and rather would prefer a "full body MRI," which medical staff has denied him. Plaintiff is "not entitled to demand specific care. . . . [or] the best care possible," Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Accordingly, I will deny plaintiff's Rule 60 motion. As this is now the second frivolous post-judgment motion I have denied in this case, any future post-judgment motions filed by plaintiff in this case will be deemed denied after 30 days unless the court unless the court orders otherwise. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).

Finally, plaintiff has filed two other documents, dkt. ##27 and 28, that are labeled as motions but do not ask the court to take any action it has the power to take other than to rule on the Rule 60 motion, so I will deny them. To the extent that plaintiff seems to attempt to raise new issues of retaliation or harassment at his prison, those issues are not part of the case. He remains free to file a complaint about those issues, but any complaint he files will be subject to the imminent danger requirement of 28 U.S.C. 1915(g) unless he prepays the full $350 filing fee.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's motion for relief from judgment, dkt. #25, is DENIED.

2. Plaintiff's other documents labeled as motions, dkt. ##27 and 28, are DENIED.

Entered this 21st day of August, 2014.

                                                  BY THE COURT:
                                                  /s/
                                                  BARBARA B. CRABB
                                                  District Judge